Arthur N. ECONOMOU and Arthur N. Economou & Co., Inc., Plaintiffs,

v.

Earl L. BUTZ, Secretary of Agriculture; Richard T. Lyng, Assistant Secretary of Agriculture; Alex C. Caldwell, Act Administrator, Commodity Exchange Authority; Charles E. Robinson, Director, Compliance Division, Commodity Exchange Authority; Richard E. Kirchhoff, Deputy Director, Registration and Audit Division, Commodity Exchange Authority; Jack W. Bain, Chief Hearing Examiner, U. S. Department of Agriculture; Richard W. Davis, Jr., Counsel, U. S. Department of Agriculture; T. Reed McMinn, Regional Administrator, New York Regional Office, Commodity Exchange Authority; Clement Gross, Auditor, Commodity Exchange Authority; Murray A. Wolkis, Auditor, Commodity Exchange Authority; Edward F. Fitzpatrick, Auditor, Commodity Exchange Authority; and Donald A. Campbell, Judicial Official, U. S. Department of Agriculture, Defendants.

No. 72 Civ. 478 (LFM).

United States District Court,
S. D. New York.

Dec. 28, 1979.

David C. Buxbaum, P. C., New York City, for plaintiffs.

Robert B. Fiske, Jr., U. S. Atty. for the Southern District of New York, New York City by Michael H. Dolinger, Asst. U. S. Atty., New York City, for defendants.

## OPINION

MacMAHON, District Judge.

Plaintiffs move to amend the verified amended complaint in this action to add Edward O'Brien ("O'Brien"), John Mattesich ("Mattesich") and Alexander Clemente ("Clemente") as defendants, and for relief from our opinion of March 13, 1979.[1] Rules 15(a), 60(b), Fed.R.Civ.P. Defendants Gross and Fitzpatrick move for summary judgment in their favor on the third claim of the verified amended complaint. Rule 56(b), Fed.R.Civ.P.

The allegations of the pleadings and the history of this litigation are set forth in our earlier opinion of March 13, 1979, at 466 F.Supp. 1351 (S.D.N.Y.1979), and familiarity with that opinion is assumed.

■ Plaintiffs' motion to add O'Brien, Mattesich and Clemente as defendants is denied. Plaintiffs contend that O'Brien, Mattesich and Clemente, all former officials of the Audit Division of the Commodity Exchange Authority ("CEA"), reviewed the reports of the CEA auditors, Gross and Fitzpatrick, and failed to correct them. With respect to O'Brien, plaintiffs also allege that he may have directed Wolkis to order Fitzpatrick to conduct an audit of plaintiffs. These allegations are identical to the claims previously asserted against Wolkis, McMinn, Caldwell, Kirchhoff and Robinson, and, as we held in our opinion of March 13, 1979, those defendants were entitled to official immunity for their acts.[2] Since the allegations against O'Brien, Mattesich and Clemente are identical, we deny plaintiffs' motion to add them as defendants because the claims against them are frivolous.[3]

■ Plaintiffs' motion for relief from our judgment of March 13, 1979 is also denied. Plaintiffs make two arguments on this point. First, they argue that the Supreme Court's decision of June 26, 1979 in *Hutchinson v. Proxmire*[4] changed the law of official immunity and requires reconsideration of our opinion.

---

1. Plaintiffs have styled their motion as a motion pursuant to Rule 15(a), Fed.R.Civ.P., to reinstate claims against certain defendants previously dismissed in this action; a motion pursuant to Rule 21, Fed.R.Civ.P., to add O'Brien, Mattesich and Clemente as defendants; and a motion pursuant to Rule 60(b), Fed.R.Civ.P., for relief from our opinion of March 13, 1979. We have restyled plaintiffs' motion because plaintiffs' attempt to use Rule 15(a) to seek relief from our earlier opinion is clearly inappropriate as is the use of Rule 21 to join additional defendants. We find that our restyling of plaintiffs' motion is strictly a matter of form and does not prejudice plaintiffs in any way.

2. *Economou v. Butz,* 466 F.Supp. 1351, 1358–59 (S.D.N.Y.1979).

3. *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962); 3 Moore's Federal Practice ¶ 15.08[4] at 15–108–15–110 (2d ed. 1948).

4. 443 U.S. 111, 99 S.Ct. 2675, 61 L.Ed.2d 411 (1979).

Assuming, without deciding, that the law of the case doctrine[5] does not bar our consideration of the decision in *Hutchinson,* plaintiffs' argument is without merit. As stated by Chief Justice Burger, the issue before the Court in *Hutchinson* was "[w]hether a Member of Congress is protected by the Speech or Debate Clause of the Constitution, Art. I, § 6, against suits for allegedly defamatory statements made by the Member in press releases and newsletters."[6] Nowhere in its opinion did the Court mention the law of immunity applicable to federal executive officials; nor did it even cite one case regarding the immunity of federal executive officials. Thus, we conclude that the Court's decision in *Hutchinson* dealt only with a narrow question of constitutional construction and has no effect on the law of immunity as it applies to federal executive officials.

Plaintiffs' second argument regarding our opinion of March 13, 1979 is that *Paul v. Davis,*[7] one of the cases upon which we relied in dismissing plaintiffs' Fifth Amendment claims, was overruled by the Supreme Court's decision in this case.[8] This contention is also without merit. The Supreme Court's opinion in this case dealt exclusively with the law of immunity, while its opinion in *Paul* dealt exclusively with the implication of a right of action under the due process clause of the Fifth Amendment. The Court's opinion in this case does not even cite *Paul,* and we find no indication that the Court intended to overrule *Paul* by implication.[9]

We turn now to Gross' and Fitzpatrick's motion for summary judgment in their fa-

vor on the third claim of the verified amended complaint. This claim alleges that Gross and Fitzpatrick deliberately falsified the results of their audits in an effort to cause the CEA to commence a disciplinary proceeding against plaintiffs and that this was done in retaliation for plaintiffs' alleged criticism of the CEA. Gross and Fitzpatrick now move for summary judgment on the grounds (1) that they had no knowledge of plaintiffs' alleged criticism of the CEA prior to their audits and testimony, and (2) that they are entitled to official immunity because they acted in good faith and had reasonable grounds to believe that plaintiffs were not in compliance with the CEA's financial requirements.[10]

In support of their motion, Gross and Fitzpatrick have submitted affidavits, a statement pursuant to Local Rule 9(g)[11] and the complaints, transcript and final decision from the CEA proceeding. Plaintiffs have submitted the affidavit of Arthur N. Economou, an opposing statement pursuant to Local Rule 9(g) and transcripts of depositions of Gross and Fitzpatrick conducted July 19 and 20, 1979.

▮▮▮ As we pointed out in our opinion of March 13, 1979, an essential element of plaintiffs' third claim against Gross and Fitzpatrick is proof that Gross and Fitzpatrick deliberately falsified the results of their audits in retaliation for constitutionally protected speech by plaintiffs.[12] This alleged unconstitutional animus must be shown to have been the " 'motivating fac-

**5.** *See generally Zdanok v. Glidden Co.,* 327 F.2d 944 (2d Cir.), *cert. denied,* 377 U.S. 934, 84 S.Ct. 1338, 12 L.Ed.2d 298 (1964).

**6.** 99 S.Ct. at 2677.

**7.** 424 U.S. 693, 96 S.Ct. 1155, 47 L.Ed.2d 405 (1976).

**8.** *Butz v. Economou,* 438 U.S. 478, 98 S.Ct. 2894, 57 L.Ed.2d 895 (1978).

**9.** We note that *Davis v. Passman,* 571 F.2d 793 (5th Cir. 1978), one of the cases cited in our opinion of March 13, 1979, has subsequently been reversed by the Supreme Court. *Davis v. Passman,* 442 U.S. 228, 99 S.Ct. 2264, 60

L.Ed.2d 846 (1979). Plaintiffs have raised no issue regarding the Supreme Court's decision in *Davis,* and, thus, we do not consider what effect, if any, it has on this case.

**10.** *See Scheuer v. Rhodes,* 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974).

**11.** Rule 9(g) of the General Rules for the United States District Courts for the Southern and Eastern Districts of New York.

**12.** *Economou v. Butz, supra,* 466 F.Supp. at 1362.

tor' " [13] behind Gross'. and Fitzpatrick's conduct. Based upon the evidence submitted in support of and in opposition to this motion, we find that there is no genuine issue of fact that Gross and Fitzpatrick were unaware of plaintiffs' alleged criticism of the CEA, and, thus, their alleged falsifications of their audits could not have been the product of any desire to retaliate against plaintiffs for constitutionally protected speech.

At their depositions in July 1979, Gross and Fitzpatrick were both asked whether they were aware of plaintiffs' alleged criticism of the CEA prior to their audits, and both categorically denied any knowledge of plaintiffs' alleged criticism.[14] Moreover, plaintiffs have in no way substantiated their bald claims that they did in fact publicly criticize the CEA prior to the audits performed by Gross and Fitzpatrick; nor have they explained how their alleged criticism came to Gross' and Fitzpatrick's attention. Thus, there is not even any circumstantial evidence to support plaintiffs' allegations that Gross and Fitzpatrick were even aware of plaintiffs' alleged criticism of the CEA.[15] Since there is no direct or circumstantial evidence that Gross and Fitzpatrick were aware of plaintiffs' alleged criticism of the CEA, we conclude that there is no genuine issue of fact that Gross and Fitzpatrick did not deliberately falsify the results of their audits in an effort to retaliate against plaintiffs for constitutionally protected speech.

A motion for summary judgment must be carefully considered where, as here, a party's state of mind is in issue. Nevertheless, a court has a duty to grant a motion for summary judgment where there is no *genuine* issue regarding state of mind.[16] In view of plaintiffs' total failure to show how Gross and Fitzpatrick were even aware of plaintiffs' alleged criticism of the CEA and their failure to demonstrate how additional discovery would disclose any evidence in support of their claim,[17] we conclude that Gross and Fitzpatrick are entitled to summary judgment dismissing the third claim of the verified amended complaint.

In view of the foregoing, we find it unnecessary to reach the argument that Gross and Fitzpatrick are entitled to summary judgment on the ground of official immunity.

Accordingly, plaintiffs' motion to amend the verified amended complaint and for relief from our opinion of March 13, 1979 is denied in all respects. Defendants Gross' and Fitzpatrick's motion for summary judgment in their favor on the third claim of the verified amended complaint is granted in all respects.

Since the foregoing decision, along with our opinion and order of March 13, 1979, disposes of all claims against all defendants, the Clerk of the court is directed to enter a final judgment in favor of all defendants dismissing the action on the merits, in accordance with both decisions.

So ordered.

13. *Id., quoting Mount Healthy Bd. of Education v. Doyle,* 429 U.S. 274, 287, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977).

14. Fitzpatrick Deposition of July 19–20, 1979 at 62–67, 85, 90, 92–93; Gross Deposition of July 19, 1979 at 6–8, 25, 107–108.

15. In his deposition, Fitzpatrick did admit to knowledge prior to his audit, that plaintiff Arthur N. Economou had at one time told a CEA auditor to leave his premises. Fitzpatrick Deposition of July 19–20, 1979 at 67. Although plaintiffs attempt to attach significance to this admission, it is clearly irrelevant to the one issue remaining in this case, *i. e.,* were Gross and Fitzpatrick acting in retaliation for constitutionally protected speech by plaintiffs?

16. *Guitar v. Westinghouse Elec. Corp.,* 396 F.Supp. 1042, 1053 (S.D.N.Y.1975), *aff'd without opinion,* 538 F.2d 309 (2d Cir. 1976); *Meeropol v. Nizer,* 381 F.Supp. 29, 32 (S.D.N.Y. 1974), *aff'd in pertinent part and rev'd in part,* 560 F.2d 1061 (2d Cir. 1977), *cert. denied,* 434 U.S. 1013, 98 S.Ct. 727, 54 L.Ed.2d 756 (1978). *See also Butz v. Economou, supra,* 438 U.S. at 507–08, 98 S.Ct. 2894.

17. *See* Rule 56(f), Fed.R.Civ.P. Plaintiffs' memorandum of law submitted on this motion refers to a cross-motion by plaintiffs to compel discovery. However, because no notice of cross-motion has been filed by plaintiffs, there is no cross-motion properly before us at this time.